**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**


LAWRENCE BOSS,             :
                                 : Civil Action No. 13-1709 (JLL)
             Plaintiff,     :
                                 :
             v.             :     **OPINION**
                                 :
GARY LANIGAN, et al.,     :
                                 :
             Defendants.   :


**APPEARANCES:**

    LAWRENCE BOSS, Plaintiff <u>pro</u> <u>se</u>
    #220
    East Jersey State Prison – Special Treatment Unit
    8 Production Way, CN-905
    Avenel, New Jersey 07001

**LINARES**, District Judge

    Plaintiff, Lawrence Boss, an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq.*, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

I.   BACKGROUND

Plaintiff, Lawrence Boss ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants:  Gary Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"); Merril Main, Clinical Director of the East Jersey State Prison-Special Treatment Unit ("EJSP-STU"); Steve Johnson, Assistant Superintendent of EJSP-STU; and Angel Santiago, Superintendent at the EJSP-STU. (Docket # 1, Complaint, Caption, and ¶¶ 4b, 4c.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on March 8, 2013, a memorandum dated March 7, 2013[1] was posted informing residents at the EJSP-STU that electronic cigarettes were not permitted.  Prior to that date, Defendant Johnson had informed the residents that,

[1] Plaintiff attached unnumbered exhibits to his Complaint, which included the March 7, 2013 memorandum/interoffice communication.

effective January 1, 2013, electronic cigarettes could not be ordered or received.  The March 7, 2013 memo stated that all tobacco products and related paraphernalia were considered contraband, and that residents were permitted only nicotine lozenges to be obtained from the inmate canteen or commissary. (Dkt. # 1-3.)

Plaintiff also alleges that a memorandum issued on May 16, 2012, prohibited food packages to be received by residents from family members via drop off or by mail.  The Memorandum, attached as an unnumbered exhibit to Plaintiff's Complaint, stated that residents were allowed to receive food packages from "Source of Sale Vendors Only."  (Dkt. # 1-3.)

Plaintiff claims that these restrictions on property violate their rights as civilly committed persons, who are not to be treated as prisoners.  (*Id.*)  Plaintiff seeks unspecified monetary compensation for "mental anguish and stress" caused by Defendants' policies.  Plaintiff also asks for injunctive relief, namely, to permit residents to receive electronic cigarettes, and to have an investigation as to why residents are treated like "problem prisoners."  (*Id.*)

On April 1, 2013, Plaintiff submitted an "addendum" to his Complaint.  (Dkt. # 2.)  Plaintiff alleges that residents have filed grievances regarding the no tobacco product and

paraphernalia policy.  He attaches grievances submitted by
another resident, which were returned to that resident informing
that the tobacco-free policy remains in effect and suggesting
that electronic cigarettes be returned for a refund.  Plaintiff
further alleges that some residents have started smoking tea
bags, leaves, dry grass, etc., because of the no-tobacco policy.
(*Id.*)

On April 30, 2013, Plaintiff filed an amended Complaint
seeking to add Jihad Williamson, Thaddeus Thomas and Donnell
Wolfe, as new Plaintiffs.  These individuals did not submit any
filing fee or application to proceed *in forma pauperis*.
Accordingly, they are not party Plaintiffs in this action.  The
amended Complaint also seeks to add Bruce Davis and Lieutenant
J. Jones as Defendants in the case.  Davis is an Assistant
Superintendent at the EJSP-STU, and Lt. Jones is a second shift
Command officer at the EJSP-STU.  The amended Complaint alleges
that these Defendants told residents at a community meeting on
April 25, 2013, that they had to abide by prison policy
regarding tobacco-free issues and the food package limitations.
(Dkt. # 3.)  Plaintiff complains they are being treated as
prisoners, not civilly-committed persons.  (*Id.*)

On June 5, 2013, Plaintiff filed another "addendum" to his
Complaint.  The "addendum" alleges that, on June 3, 2013,

residents were given a new rule book for the EJSP-STU, which Plaintiff attaches as an exhibit to the "addendum." Plaintiff alleges that the rule book allows residents to smoke and receive food packages. (Dkt. # 4.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Accordingly, because Plaintiff is proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, --- F. App'x ---, 2013 WL 2350169, *2 (3d Cir. 2013)

5

(discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  *West v. Atkins*, 487 U.S. 42, 48
(1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### IV.  DISCUSSION

#### A.  Denial of Electronic Cigarettes

Plaintiff appears to claim that denial of electronic
cigarettes and tobacco products in the EJSP-STU is an
infringement on his rights as a civilly-committed person, in
violation of his Fourteenth Amendment right to due process.  *See*
*Youngberg v. Romeo*, 457 U.S. 307, 324-325 (1982) (concluding
that an involuntarily committed patient is confined for
treatment rather than for the purpose of punishment after

7

conviction and thus, has substantive due process rights under the Fourteenth Amendment and the Eighth Amendment does not apply); *Artis v. McCann*, Civil No. 11-3613 (WJM), 2013 WL 2481251, *3 (D.N.J. Jun. 10, 2013). This Court construes Plaintiff's allegation regarding the restriction on e-cigarettes as a claim of unconstitutional punishment of Plaintiff in violation of the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a non-convicted person such as Plaintiff. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Supreme Court explained that the Fourteenth Amendment standard of unconstitutional punishment applies an objective reasonableness test,

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Bell*, 441 U.S. at 539 (footnote and citation omitted).

This standard, like the Eighth Amendment's cruel and unusual punishment standard, contains both an objective component and a subjective component:

> Unconstitutional punishment typically includes both objective and subjective components. As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294 ... (1991), the objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* at 298 .... The Supreme Court did not abandon this bipartite analysis in *Bell*, but rather allowed for an inference of *mens rea* where the restriction is arbitrary or purposeless, or where the restriction is excessive, even if it would accomplish a legitimate governmental objective.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007); *see also Bistrain v. Levi*, 696 F.3d 352, 372-73 (3d Cir. 2012).

The Supreme Court noted that the maintenance of security, internal order, and discipline are essential goals which at times require "limitation or retraction of ... retained constitutional rights." *Bell*, 411 U.S. at 546. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* at 540. "In assessing whether the conditions are reasonably related to the assigned purposes, [a court] must further inquire as to whether these conditions cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the

purposes assigned to them." *Hubbard v. Taylor*, 399 F.3d 150, 159 (3d Cir. 2005) (quoting *Union County Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983)).

The Court of Appeals for the Third Circuit summarized the holding of *Bell* as follows:

> [A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.

*Stevenson*, 495 F.3d at 68 (citation and internal quotation marks omitted).

Involuntarily-confined persons under the SVPA, deemed as dangerous sex offenders, are not entitled to the full panoply of constitutional rights enjoyed by citizens free from restraint. Thus, like inmates, Plaintiff does not retain rights inconsistent with his status as an SVP. For instance, with regard to the First Amendment, "[a]ny form of involuntary confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech." *Beaulieu v. Ludeman*, No. 11-1845, 2012 WL 3711342 (8th Cir. August 29, 2012) at * 19 (quoting *Martyr v. Bachik*, 755 F. Supp. 325, 328 (D.Or. 1991)); *see also Hydrick v. Hunter*, 500 F.3d 978, 991 (9th Cir.2007) (noting that "[a]s is the case with

prisoners, civilly committed persons retain those First
Amendment rights not inherently inconsistent with the
circumstances of their detention"), *vacated on other grounds*,
*Hunter v. Hydrick*, --- U.S. ----, 129 S.Ct. 2431, 174 L.Ed.2d
226 (2009).  Thus, although a specific standard has not been
articulated with regard to civilly committed individuals, courts
have held that restrictions on certain rights are permissible so
long as they advance the state's interest in security, order,
and rehabilitation.  *See Ahlers v. Rabinowitz*, 684 F.3d 53, 64
(2d Cir. 2012) (holding that interference with non-legal mail,
i.e., seizure and retention of DVDs and CDs, did not violate
First Amendment); *Allison v. Snyder*, 332 F.3d 1076-79 (7th
Cir.2003) (SVPs may be subjected to conditions that advance
goals such as preventing escape and assuring the safety of
others, even though they may not technically be "punished");
*Semler v. Ludeman*, Civil No. 09-0732 ADM/SRN, 2010 WL 145275,
*15 (D. Minn. Jan. 8, 2010) (finding no constitutional violation
based on restrictions on a civilly committed sex offender's
right to access pornographic materials where such restrictions
are reasonably related to legitimate interests to ensure
security and order in the facility).

This Court finds no legal support for Plaintiff's claim
that denial of cigarettes, whether electronic or not, amounts to

a constitutional deprivation or impermissible punishment in violation of the Fourteenth Amendment. *See Fantone v. Herbik*, Civ. Action No. 11-0484, 2013 WL 504610, *13 fn. 6 (W.D.Pa. Jan. 17, 2013) (citing *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995); *see also Addison v. Pash*, 961 F.2d 731, 732 (8th Cir. 1992) (holding that denial of cigarettes was not deliberate indifference to a basic human need); *Austin v. Lehman*, 893 F. Supp. 448, 452 (E.D.Pa. 1995) (finding that deprivation of cigarette allotment did not constitute denial of life's basic necessities); *Cox v. Koch*, Civil No. 11-CV-0771-CVE-TLW, 2011 WL 6780134, *3 (N.D.Okla. Dec. 27, 2011); *Arthur v. Comminser*, Civil No. 4:09-2059-CMC-TER, 2009 WL 6067337, *2 (D.S.C. Sep. 22, 2009).

To the contrary, the March 7, 2013 memo to the EJSP-STU residents plainly states that the policy restriction on tobacco products relates to its classification as contraband in the EJSP facility. Thus, not only has there been no showing that the restriction on electronic cigarettes is intended as punishment, but evidence submitted by Plaintiff shows that it is a legitimate security measure in a facility that houses both convicted prisoners and committed dangerous sex offenders. Thus, this claim is dismissed with prejudice as against all named Defendants. *See, e.g., Murphy*, 51 F.3d at 718 (finding no

support in the case law for claim that denial of cigarettes and television amounts to a constitutional violation).

B.  Restrictions on Food Packages

Plaintiff also alleges that he may receive food packages from authorized vendors only.  It would appear that this restriction is a facility-wide security measure to control and prevent the introduction of contraband into the EJSP facility. There is no blanket denial of food packages that would suggest a denial of a basic human need.

Plaintiff principally argues that he is being treated as a convicted prisoner, and not as a civilly committed person entitled to constitutional rights as patients.  As stated above, as a civilly committed person under the SVPA, Plaintiff is deemed a dangerous sex offender, and like inmates, does not retain rights inconsistent with his status as an SVP.  *See Semler*, 2010 WL 145275 at *16 (finding that restrictions on telephone access reasonably related to an SVP facility's "security interests in detecting and preventing crimes and maintaining a safe environment" do not violate a civilly committed patient's constitutional rights).  The Supreme Court held that a prisoner "does not retain rights inconsistent with proper incarceration."  *Overton v. Bazzetta*, 539 U.S. 126, 131

(2003).  Likewise, a dangerous sex offender civilly committed to
a treatment facility does not retain rights inconsistent with
that treatment.

Further, "[w]hile clearly prisoners and those involuntarily
committed, by virtue of their incarceration and custody status,
do not forfeit their First Amendment right to use of the mails,
that right may be limited by institutional regulations that are
reasonably related to legitimate penological interests." *Rivera
v. Rogers*, 224 F. App' 148, 151 (3d Cir. 2007) (per curiam)
(unpublished).  In *Rivera*, the Third Circuit upheld a detention
facility's policy of opening and inspecting all non-legal mail
addressed to civilly-committed sexually violent predators
because the policy advanced the state's interest in
rehabilitation while still affording the plaintiff the ability
to correspond with outside contacts.  *Id*.  Indeed, the court
noted that the plaintiff was "free to send and receive mail,
including letters from his girlfriend, so long as the content of
the mail ... is not sexually explicit." *Id*.  *See also Ahlers*,
684 F.3d at 64 (holding that interference with non-legal mail,
i.e., seizure and retention of DVDs and CDs, did not violate
First Amendment); *Allen v. Mayberg*, Civil No. 1:06-cv-01801-BLW-
LM, 2013 WL 3992016, *4 (E.D.Ca. Aug. 1, 2013) (finding that
inspecting the incoming mail of SVPs for contraband material,

such as pornography or weapons, is constitutionally permissible
where "the mail policy reasonably advances the goals of
treatment by not allowing patients to have access to self-
destructive material that could derail their progress in dealing
with their mental illness.").

As discussed above, "[r]estraints that are reasonably
related to the institution's interest in maintaining jail
security do not, without more, constitute unconstitutional
punishment, ...." *Bell*, 411 U.S. at 540. Therefore, this Court
finds no constitutional violation relating to a legitimate
security measure that would control the entry of potential
contraband into the general facility.

Accordingly, this claim challenging restrictions on the
receipt of food packages by residents from verified/approved
vendors only is dismissed with prejudice as against all named
Defendants.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed with prejudice, in its entirety, as against all named Defendants, for failure to state a cognizable claim of a constitutional deprivation, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate order follows.

s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

Dated: October 10, 2013